IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

    Plaintiff,      :      Case No. 1:11-cr-099
                                  Also Case No. 1:13-cv-123

                                  Chief Judge Susan J. Dlott
    -vs-                         Magistrate Judge Michael R. Merz
                            :

RODNEY RIDDLE,

    Defendant.

# DECISION AND ORDER DENYING JURY TRIAL AND BAIL

This case is before the Court on Defendant's Motion to Amend his § 2255 Motion to add a request for jury trial and to reduce his custody status to probation or home confinement until a decision is rendered on the § 2255 Motion (Doc. No. 104).

The procedure provided in 28 U.S.C. § 2255 was adopted in the 1948 revision of the Judicial Code (Title 28) to provide a substitute for the writ of habeas corpus. Habeas corpus itself is equitable in nature and neither the facts nor the law in a habeas corpus proceeding has ever been tried to a jury, so far as this Court is aware. The request for jury trial is DENIED.

The Court does not have authority to modify the sentence to probation or home confinement at this point in time, since a final judgment has been entered. The Court has authority, however, to release the Defendant on bail. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964). However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits. *Glynn v. Donnelly*, 470 F.2d 95 (1st
1

Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

In *Cherek v. United States,* 767 F.2d 335 (7th Cir., 1985), Judge Posner recognized this power applies as well to federal prisoners seeking §2255 release, but also wrote:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal.

767 F.2d at 337. Chief Judge Dlott denied a stay of incarceration pending appeal and Defendant voluntarily dismissed the appeal he did file. He has not shown that his release on bail pending a decision on his § 2255 Motion would be appropriate in that he has not shown he is clearly entitled to relief. The Motion for bail is also DENIED.

March 22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge
